Louise Aur, Appellee, v. East St. Louis Railway Company, Appellant.

### (Not to be reported in full.)

Appeal from the City Court of East St. Louis; the Hon. W. M. VANDEVENTER, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed May 1, 1915.

## Statement of the Case.

Action by Louise Aur against East St. Louis Railway Company for damages for personal injuries sustained in endeavoring to alight from a moving street car. From a judgment for plaintiff for $1,500, defendant appeals.

Defendant operated a street car line in East St. Louis having double tracks on Thirteenth street running north and south, over which were operated the cars of the Lansdowne division, which go straight through on that street, and also other cars which turn west on Lynch avenue, a street crossing Thirteenth street at right angles. It was the custom of defendant to stop its Lansdowne cars at Lynch avenue at the far side of the street for receiving and letting off passengers. On the morning of November 17, 1913, plaintiff, a woman sixty-two years of age, took a Lansdowne car going south towards Lynch avenue on Thirteenth street intending to change at Lynch avenue to a car going west on the Granite City line. As her car approached Lynch avenue, about five minutes before six o'clock, it being quite dark, she gave the signal for it to stop by pushing the electric button, causing the bell to ring, and just as her car went on to Lynch avenue on the west track, a car going to Granite City approached from the south on the east track and made the turn into Lynch avenue, crossing the track along which the car plaintiff was on was proceeding ahead

of that car, and compelling her car to slow down or stop, to permit the other to pass clear. As it did so, some three or four passengers alighted and went to the Granite City car, among them being appellee who, in attempting to get off the car, was thrown forward onto the street and received severe injuries. The place where she was thrown off was some six feet south of the north curb of Lynch avenue, which was not the accustomed place for the car to stop to receive and discharge passengers, and that fact was shown to be known to appellee, who had made the trip many times.

It was shown that the conductor at the time in question was in the middle of the car collecting fares, and that neither he nor the motorman were paying any attention to the persons getting off of their car. Plaintiff testified that after she pushed the button she got up and went to the platform and stood there until the car stopped, when she attempted to alight; that she was upon the top step and was stepping off with her right foot, when the car started and she was thrown into the street. It was her intention to take the Granite City car which was waiting, as did the others who had left the car she was on.

There was no substantial controversy as to the facts in the case except as to those which bore upon the question as to whether the car was in fact stationary or in motion at the time of the injury. Upon this question five witnesses testified for plaintiff that the car was standing still when she attempted to alight therefrom, while five for defendant testified that at that time the car was moving slowly.

Barthel, Farmer & Klingel, for appellant.

C. B. Thomas and E. J. Verlie, for appellee.

Mr. Justice Higbee delivered the opinion of the court.

Aur v. East St. Louis Railway Co., 194 Ill. App. 193.

## Abstract of the Decision.

1. CARRIERS, § 278*—*duty to passengers.* The duty of a common carrier to look for the safety and protection of its passengers, so far as it can, consistent with the proper operation of its cars, is of high character.

2. CARRIERS, § 435*—*when passenger not negligent in alighting.* A street car passenger is not guilty of negligence *per se* in attempting, as did other passengers, to get off the car before it reached its customary stopping place at the opposite of a cross street, where she had given the signal to stop and had gone to the platform and the car had come to a standstill while waiting for a car on the intersecting street to pass, and the conductor was busy collecting fares and paying no attention to the people getting off the car.

3. CARRIERS, § 401*—*duty to passengers alighting at other than customary stopping place.* It is the duty of the employees of a street car company, who have notice of the tendency of passengers to get off street cars when they stop before reaching the customary point, to exercise a reasonable degree of care to ascertain, before putting in motion a car which has stopped before reaching its customary stopping place, whether passengers attempting to get off the car are in a safe position.

4. APPEAL AND ERROR, § 1489*—*when exclusion of evidence harmless.* The rejection of evidence, in an action by a street car passenger for damages for injuries received as a result of the passenger attempting to get off at the near side of the street when the car stopped instead of at the far side, its customary stopping point, as to whether the car had stopped to let anyone off or to receive passengers before plaintiff fell, or whether it was customary to stop cars at the near side of the crossing for passengers to get off, is not material error where the testimony of the plaintiff on cross-examination was that the regular stopping place was on the far side of the street.

5. DAMAGES, § 132*—*when verdict not excessive.* A judgment for $1,500 having been rendered by a remittitur to such sum from $3,000, in an action for personal injuries, will not be deemed excessive where it appears that the plaintiff was sixty-two years of age; that she was working by the day; that her wrist had been so injured that she could not go back to work and had been in that condition for six months at the time of trial; that she could not reach up with her hand and that things dropped from it when she attempted to use it, and there was expert testimony to the effect that the injury was permanent.